Cauutheiis, J.,
delivered the opinion of the Court.
This bill is filed to set up a resulting trust for one moiety of three tracts of land in McMinn county called the Philips, Gass, and Barnstead tracts. The facts are, that the complainant had six or seven thousand dollars due to her in North Carolina, and proposed to give F. P. Pettitt, the ancestor of defendants, one-half of the amount if he would collect and invest it. With this fund, or a part of it, he purchased the Philips tract of 500 acres, the Gass tract of 80 acres, and the Barnstead tract of 50 acres, and took the deeds to himself. This was done in 1835-6, and soon after that time both parties went into possession. Complainant resided on the Gass tract, and the defendant upon the Philips tract, but they both cultivated and used the timber on the latter tract. Pettitt built a good house on the latter tract and claimed it as his own, but admitted he had bought the other tract for complainant. The taxes on both tracts were, at least for a part of the time, paid in equal portions, and they jointly cultivated different parts of the 500 acre tract, each working up to a turning-row in one field. The complainant was an unmarried sister-in-law of said Pettitt, in whom she had unbounded confidence down to the day of his death.
It is insisted that it is very clear that the joint fund before referred to, went to the payment of the consideration of the two first tracts, and that the proof puts that out of dispute, though it may fail as to the *245 Barnstead tract. So the Chancellor decreed, and granted the relief as to the first two tracts only.
The defendants rely upon the statute of limitations and lapse of time, against the claim of complainant. They contend that it is not a case of express, but implied trust, which falls under the bar of the statute of limitations. It is true that to make the holder ■ of the legal title an express trustee in such a case, the trust would have to be declared in the deed, or some other writing, and as that is not done in this case, and the trust is raised by the law, upon extrinsic facts, it is a trust, by implication of law, against which the statute will run.
It may be barely necessary to notice, before entering into the examination of the above ground of de-fence, that it is argued that a trust in land cannot be raised but by writing, and 2 Fonblanque 21, and Roberts on Frauds 91, are read to sustain the position. It is too late now to argue that question, as it is every where well settled that trusts in lands, as well as personalty, may be raised by parol, that is, the facts which raise the trust may be established by parol. They are every day recognised and enforced by Courts., of Equity, and enter largely into the litigation of the country.
Again, it is contended that after the death of the trustee having the legal title, and descent cast, the title of the heirs cannot be disturbed by the declaration of a resulting trust upon parol evidence. Such seems to have been the opinion of Sanders in his work on Uses and Trusts, 127 — 134, where the consideration money is expressed in the deed to have been *246 paid£ by the grantee. But Sugden says, there is no reason or authority for that distinction, and that it may as well be done after as before the death of the grantee. As between the opinions of these two elementary writers, that of Sugden, is entitled to most weight, on account of his more general accuracy and perspicuity. But he is also well sustained by the authorities. 2 P. Wil. 548, 1 Atk. 71, 2 Atk. 148. It has also been held by some authorities that parol evidence will not be received of facts to create a trust, against the positive denial of an answer; but this position was also exploded as far back as 1 Vernon, 366, and again in Bartlett vs. Pickersgill, cited in a note to 4 East, 577.
So, these questions are all out of the way, and we have only to enquire,
1. Whether the trust is established. This is a question of fact. Is the proof sufficient to make it out — to fully satisfy the mind that the money of the complainant to the extent of one half, or any other portion of the consideration went into the purchase of the land. We recognize the doctrine to , the fullest extent, and such is the uniform holding in all the cases, that where a right or title is claimed against a writing, in this or any other 'class of cases, where it is permitted at all, it must be sustained by proof of the most convincing and irrefragable character. The Courts have been deeply impressed with the danger of this kind of proof, as tending to perjury, and the- insecurity of paper titles. Kent, and other eminent Judges, regret that the doctrine was ever introduced, as it opens a wide door to frauds and perjuries, which the *247 statute was intended to close. It has, therefore, been ¡uniformly required in this class of cases, that the pay•ment of the money of the person who claims to be a jcestui que trust, should be clearly proved. The same rule as to the quantity and sufficiency of proof applies in this case, as in a bill filed to- convert a sale or deed apparently absolute, into a, mortgage or conditional sale. But even under the caution and suspicion which this rule enjoins, we consider the case under consideration fully made out, by irresistable proof. It only then remains to enquire,
Secondly; Whether the complainant’s claim to a resulting trust, is barred by time, or the act of -limitations. We think it is very clear that neither defence can avail the defendants under the circumstances, for the plain and simple reason that there has not at any time been an adverse possession. This has been joint, and con-sentive in both, and not exclusive or hostile in either. Under these circumstances, it has certainly never been held that either .time would corode or limitations bar a good title, whether equitable or legal. But a distinction is attempted to be drawn, if we understand it, of which we are not sure, in favor of a case where one of the joint possessors holds under a legal title by deed and the other by an invisible and unestablished trust; that the seizure under the deed is in conformity to it, and exclusive of all others, and is not divided or concurrent with one only claiming an unwritten trust title. We are constrained to confess that we cannot see the point or force of this position, although it is earnestly pressed upon us. It is contended that the second section of the limitation act of 1819, bars all suits in *248 equity as well as at law, and must apply to this. That is certainly very true, but still it only runs upon adverse possession in equity as at law. I£-Pettitt was in possession under his legal, the complainant was there with him under her equitable title; both were in the enjoyment of the use of the land, and neither attempted or desired to oust the other: As the statute only begins to run when the possession becomes exclusive and hostile to all adverse titles, there was no point of time in this case, when, it could start upon its work of destruction, of all. opposing: titles. Where two are in possession, the one having title and the other none, it will inure to the benefit of the former; but where both claim title, the possession, is neutralized, and that the one may be equitable, and the other legal, or the one in deed, and the other in parol, as a resulting trust, can make no difference.
We think, therefore, that there is no ground upon which the right of the complainant to one half of the Philips and Gass tracts, can be resisted, and. affirm the decree of the Chancellor..